USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1350 LEAGUE OF WOMEN VOTERS OF MAINE, ET AL., Plaintiffs, Appellants, v. G. WILLIAM DIAMOND, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ____________________ Stephen E.F. Langsdorf, Anne Skopp, and Preti, Flaherty, Beliveau ______________________ __________ __________________________ & Pachios on brief for appellants.  _________ Andrew Ketterer, Attorney General, and Thomas D. Warren, ________________ ___________________ Assistant Attorney General, on brief for appellees G. William Diamond and Andrew Ketterer. John H. Rich, III, William J. Sheils, and Perkins, Thompson, ___________________ ___________________ ___________________ Hinckley & Keddy on brief for intervenor-appellee Committee for __________________ Governmental Reform. Samuel W. Lanham, Jr., Cuddy & Lanham, and Stephen J. Safranek on _____________________ ______________ ____________________ brief for intervenor-appellee U.S. Term Limits, Inc. ____________________ April 30, 1996 ____________________ Per Curiam. This is an appeal from the denial of a __________ motion for preliminary injunctive relief. Plaintiffs, who include two incumbent state legislators and four of their supporters, challenge the validity of the Maine Term Limitation Act of 1993. 21-A Me. Rev. Stat. Ann. 551-54. On April 10, 1996, the date their notice of appeal was filed, plaintiffs moved for an expedited briefing schedule and requested that a decision from this court issue by "the end of April"--a circumstance prompted by the need to prepare absentee ballots in time for the June 11 state primary. Comprehensive briefs have been submitted by the parties on an expedited basis. Having considered the matter in full, we now dispense with oral argument, see Loc. R. 34.1(a)(2)(iii), ___ and affirm substantially for the reasons recited by the district court in its discussion of plaintiffs' failure to show a likelihood of success on the merits.  We find nothing in plaintiffs' arguments that calls the lower court's reasoning into serious question. In particular, given the rationale of such cases as Clements v. ________ Fashing, 457 U.S. 957 (1982), and given the uniform holdings _______ of the various state court decisions that have addressed analogous arguments, we agree that plaintiffs have established something less than a probability of success on the merits of their federal claims. We reach the same conclusion with regard to plaintiffs' contention that the -2- decision in Opinion of the Justices, 623 A.2d 1258 (Me. _________________________ 1993), will likely be revised in light of U.S. Term Limits, __________________ Inc. v. Thornton, 115 S. Ct. 1842 (1995). ____ ________ Given this failure to show a likelihood of success on the merits, there is certainly nothing in the plaintiffs' showing as to the equities that would warrant a contrary result. If anything, the arguments based on the equities tend to support the denial of a preliminary injunction, as indicated in the district court's decision. See also Bates ________ _____ v. Jones, 904 F. Supp. 1080 (N.D. Cal. 1995) (where the court _____ denied a preliminary injunction against state term limits on equitable grounds). Since the law and the equities both favor the defendants, there was certainly no error of law or abuse of discretion in the denial of the preliminary injunction. Affirmed. _________ -3-